## NEWSOME v. STATE.

No. 24955.

Court of Criminal Appeals of Texas.

Nov. 15, 1950.

On Motion to Reinstate Appeal Jan. 17, 1951.

No attorney, for appellant.

George P. Blackburn, State's Atty. of Austin, for the State.

WOODLEY, Commissioner.

The conviction is for possession of whiskey for the purpose of sale in a dry area. The jury assessed the punishment at 60 days in jail and a fine of $400.

Judgment was entered on April 17, 1950. On said date, appellant filed his motion for new trial, and thereafter on April 25, 1950, filed his amended motion.

The record contains no order disposing of said motion for new trial, and no notice of appeal.

In the absence of such notice of appeal, this court is without jurisdiction.

The appeal is dismissed.

Opinion approved by the Court.

On Motion To Reinstate Appeal.

BEAUCHAMP, Judge.

Appellant was convicted for possession of "whisky" for the purpose of sale and given a fine of $400. and sixty days in jail.

On original submission the appeal was dismissed because the record did not contain a notice of appeal. A supplemental transcript has been filed containing the notice and we now consider the case on its merits.

At the conclusion of the State's case the defendant filed a motion for an instructed verdict, which was refused. There are two bills of exception in the record. One complains of the refusal of the court to quash the complaint and information. It is particularly directed to the allegations of former convictions. We have examined the complaint in the light of this objection and find no error in the court's action.

The second bill complains of the charge submitting the former convictions as a basis for an enhanced penalty. This raises the same question as the first bill and is likewise found to be without merit.

The sole question attracting our attention goes to the sufficiency of the evidence. A number of officers testified in the case, some being local officers and others representatives of the Liquor Control Board. They approached the premises of appellant with a search warrant and found him present. From all of the record we take it that appellant was familiar with the officers and their purpose in coming. He at once told them: "Well, Mr. Seago, you just had a bad day today, I poured out all the whiskey I had."

This officer and those accompanying him were not satisfied to accept his statement, however, and proceeded to search the premises, in the house and around it. They found a sufficient quantity of whisky hidden under the yard fence to support the presumption that he possessed it for the purpose of sale. They also found gin to add to this quantity. However, the complaint alleges only "whisky". If the complaint had alleged intoxicating liquor it would have included the gin and the question about the quantity would not be before us.

The attack on the sufficiency of this proof is based on the claimed weakness of the State's proof to show that the whisky found belonged to this appellant. The bottles containing the whisky found under the fence between him and his neighbor were compared with a number of empty bottles found in the house and this reveals the fact that they were in the series of numbers with several of these empty bottles, a circumstance which quite conclusively indi-

cates that they had been purchased at the same time and place, and is potent to strengthen the circumstance of the liquor being found on the premises of appellant, even though hidden in a remote position.

The neighbor who owned the adjoining property was called as a witness for the State and denied any ownership or knowledge of the ownership of the whisky. It is shown that appellant had other neighbors but he did not take the trouble to place in the record any evidence that would create a suspicion that the whisky might belong to them. At least they had no interest in the adjoining property which was divided by the fence.

The court charged on circumstantial evidence, on prima facie evidence by reason of the possession of more than a quart of whisky, and the penalty to be applied because of former convictions for like offenses. The jury fixed the penalty and we find no reversible error.

The judgment of the trial court is accordingly affirmed.